**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

EARNEST L. HINES, JR.                                                    **PLAINTIFF**

v.                                          **CIVIL ACTION NO. 3:16-cv-935-DPJ-MTP**

NANCY BERRYHILL                                                        **DEFENDANT**
*Commissioner of Social Security Administration*

<u>**REPORT AND RECOMMENDATION**</u>

Plaintiff Earnest L. Hines, Jr. brings this action pursuant to 42 U.S.C. § 405(g) seeking

judicial review of a final decision of the Commissioner of Social Administration denying his

claim for disability insurance benefits.  This matter is now before the Court on Defendant's

Motion to Affirm the Commissioner's Decision [21].  Having considered the parties'

submissions, the record, and the applicable law, the undersigned recommends that the Motion to

Affirm the Commissioner's Decision [21] be granted in part and denied in part and that this

matter be remanded for further consideration.

**PROCEDURAL HISTORY**

On May 1, 2013, Plaintiff applied for disability insurance benefits, alleging disability due

to post-traumatic stress disorder ("PTSD"), migraines, sinus issues, neck pain, nausea and

dizziness associated with vertigo, high cholesterol, depression, high blood pressure, and eye

problems. (Administrative Record [14] at 114-17, 135).  After the agency denied Plaintiff's

claim, an Administrative Law Judge ("ALJ") held a hearing. ([14] at 10-30).  On March 13,

2015, the ALJ issued a decision finding that Plaintiff was not disabled. ([14] at 50-55).  On June

13, 2016, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision

the final decision of the Commissioner. ([14] at 6-8).  Plaintiff now seeks judicial review in this

Court under 42 U.S.C. § 405(g).

## ADMINISTRATIVE LAW JUDGE'S DECISION

In his March 13, 2015, decision, the ALJ applied the five-step sequential analysis set

forth in 20 C.F.R. § 404.1520(b)-(f)[1] and determined that Plaintiff was not disabled.  At step one,

the ALJ found Plaintiff had not engaged in substantial gainful activity during the period from his

alleged disability onset date, October 31, 2007, through his date last insured, December 31,

2012.[2]  At step two, the ALJ found Plaintiff had the following medically determinable

impairments: vertigo, headaches, and mild anxiety.  The ALJ, however, determined that, through

the date last insured, Plaintiff did not have an impairment or combination of impairments that

significantly limited the ability to perform basic work-related activities for twelve consecutive

months and, therefore, did not have a severe impairment or combination of impairments pursuant

---

[1] This analysis requires the ALJ to make the following determinations:
  (1) whether the claimant is presently engaging in substantial gainful activity (is so, a finding of "not disabled" is made);
  (2) whether the claimant has a severe impairment (if not, a finding of "not disabled" is made);
  (3) whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Part 404, Subpart P, Appendix 1 (is so, then the claimant is found to be disabled);
  (4) whether the impairment prevents the claimant from doing past relevant work (if not, a finding of "not disabled" is made);
  (5) whether the impairment prevents the claimant from performing any other substantial gainful activity (is so, the claimant is found to be disabled).
*See* 20 C.F.R. §§ 404.1520, 416.92.  The burden of proof rests upon the claimant throughout the first four steps; if the claimant is successful in sustaining his burden through step four, the burden then shifts to the Commissioner at step five. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

[2] The date last insured is the final day a claimant may qualify for disability insurance benefits. *See* 20 C.F.R. § 404.130.

2

to 20 C.F.R. § 404.1521 *et seq*. Accordingly, the ALJ found that Plaintiff was not disabled. ([14] at 52-55).

## STANDARD OF REVIEW

This Court's review of the Commissioner's decision is limited to determining whether there is substantial evidence to support the Commissioner's findings and whether the correct legal standards were applied in evaluating the evidence. *Hollis v. Bowen*, 837 F.2d 1378, 1382 (5th Cir. 1988). Substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hames v. Heckler,* 707 F.2d 162, 164 (5th Cir. 1983). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established." *Id*. (citations omitted).

However, "[a] finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision." *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001) (internal citations and quotations omitted). Conflicts in the evidence are for the Commissioner, not the courts, to resolve. *Selders v. Sullivan,* 914 F.2d 614, 617 (5th Cir. 1990). A court may not re-weigh the evidence, try the issues *de novo*, or substitute its judgment for the Commissioner's, "even if the evidence preponderates against" the Commissioner's decision. *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988). If the decision is supported by substantial evidence, it is conclusive and must be affirmed. *Selders,* 914 F.2d at 617. Moreover, "'[p]rocedural perfection in administrative proceedings is not required' as long as 'the substantial rights of a party have not been affected.'" *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007) (quoting *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir.1988)).

**ANALYSIS**

Plaintiff raises three issues for review: (1) whether the ALJ properly evaluated all medical opinions of record; (2) whether substantial evidence and proper legal standards support the ALJ's residual functional capacity finding; and (3) whether the ALJ properly assessed the credibility of Plaintiff's subjective complaints.

***Issue 1: Whether the ALJ Properly Evaluated All Medical Opinions of Record***

Plaintiff argues that the ALJ erred in his consideration of the medical opinions of record by (1) failing to properly consider Plaintiff's disability rating from the Veteran's Administration ("VA"); (2) failing to properly consider his impairment of PTSD and the medical evidence demonstrating the severity of the impairment; (3) failing to consult a medical advisor to determine the Plaintiff's disability onset date; and (4) relying on Plaintiff's symptom-free intervals to support his finding that Plaintiff's impairments were not severe.

In his decision, the ALJ pointed out that Plaintiff's alleged disability onset date was October 31, 2007, and his date last insured was December 31, 2012. The ALJ noted that much of "the medical evidence of record either post-dates [Plaintiff's] date last insured . . ., or consists largely of significantly older treatment notes, with little medical care reported during the relevant period for his allegedly disabling conditions." ([14] at 53). Thus, the ALJ primarily focused on two consultative examination reports, which were completed during the relevant time period. ([14] at 53-54; 189-92; 193-95). The ALJ also considered two disability determination services assessments. ([14] at 31-37).

Included in the evidence which the ALJ found to be irrelevant were records from the VA. Plaintiff points to records which reveal that the VA gave Plaintiff a disability rating of 70% connected to his PTSD, a disability rating of 50% connected to his migraines, and a total service

connected disability rating of 90%. ([18] at 19; [14] at 628).[3]  Plaintiff argues that the ALJ erred

by not giving these VA disability ratings great weight and by failing to specifically state the

reasons he rejected the disability ratings.

Defendant argues that a VA disability rating does not establish a severe impairment.

Defendant also points out that the social security regulations were revised in 2017 and now make

clear that an ALJ need not provide any analysis of a VA disability rating.  The new rule states

that "in claims filed . . . on or after March 27, 2017, we will not provide any analysis in our

determination or decision about a decision made by any other governmental agency or a

nongovernmental entity about whether you are disabled . . . ." 20 C.F.R. § 404.1504.  However,

because Plaintiff filed his claim for benefits prior to March 27, 2017, the new rule is

inapplicable.  Prior to the revision, evidence of a disability decision by another governmental or

nongovernmental agency could not be ignored and had to be considered. *See* SSR 06-03p.

"A VA rating of total and permanent disability is not legally binding on the

Commissioner because the criteria applied by the two agencies is different, but it is evidence that

is entitled to a certain amount of weight and must be considered by the ALJ." *Chambliss v.

Massanari*, 269 F.3d 520, 522 (5th Cir. 2001).  The relative weight to be given a VA disability

rating will vary depending on the factual circumstance of each case. *Id*.  Generally, a VA

disability rating is entitled to "great weight," but an ALJ need not give "great weight" to such a

determination if he adequately explains the valid reasons for not doing so. *Id*.

In this action, the ALJ did not scrutinize or even mention Plaintiff's VA disability rating.

The ALJ simply discarded the rating as part of medical records which post-dated Plaintiff's date

---

[3] Plaintiff asserts that Plaintiff's disability ratings resulted in a compensation award of 100%.
The record cited by Plaintiff states that Plaintiff has a total service connected disability rating of
90%, but is silent regarding Plaintiff's compensation award. ([14] at 628).

last insured. ([14] at 53) ("The remainder of the medical evidence or record either post-dates his date last insured (Exhibits 4F; 5F; 6F), or consists largely of significantly older treatment notes, with little medical care reported during the relevant period for his allegedly disabling conditions (Exhibit 3F)."). While it is not clear from the records exactly when the VA gave Plaintiff a disability rating of 90%, the records indicate that Plaintiff received this disability rating sometime between January 1, 2013, and November 18, 2014. ([14] at 628).[4]

Although this period post-dates Plaintiff's date last insured (December 31, 2012), the ALJ should have explained why the timing of the VA disability rating rendered it immaterial to the relevant time period. *See McCaa v. Astrue*, 2010 WL 1533287, at *5 (M.D. La. Apr. 14, 2010) (noting that "several district courts decisions support the position that a finding of disability by the VA must be considered in the ALJ's evaluation of the evidence, even if the VA decision occurs after the expiration of the claimant's insured status."); *Loza v. Apfel*, 219 F.3d 378, 394-95 (5th Cir. 2000).

Plaintiff's testimony during his hearing before the ALJ on January 5, 2015, indicates that the VA considered medical records and information predating the date last insured. Plaintiff explained as follows:

> They—the VA granted me 100% based on what has happened to me. They went back and said—well, they kind of stated to me like oh, when the records came in they said we didn't realize what had happened to you. You know, I had been going to the VA for years with the same complaint and then they finally—they asked me questions like well, why are you complaining about the same thing over and over and then they asked me one day had I ever had any broken bones in my face and I told them yeah and when I told them what had happened, they said they couldn't

---

[4] The disability rating appears in a medical record summary, consisting of medical information from January 1, 2013, through November 18, 2014. Plaintiff does not cite to (and the undersigned has not found) any record dated prior to January 1, 2013, showing a disability rating of 90%. Thus, it appears the VA gave Plaintiff this disability rating after January 1, 2013, but before November 18, 2014.

believe it and so we had to order the records and after that, then it all made sense to them what they had been seeing as far as me coming to the hospital all the time.

([14] at 15).

Moreover, Plaintiff's medical records demonstrate that he received treatment for his allegedly disabling conditions during the relevant time period. Plaintiff received treatment for his migraines in January and September of 2008 and in May and June of 2009. ([14] at 426, 428, 436, 440). Plaintiff then received treatment for his migraines on four separate occasions in September of 2009. ([14] at 425-26). Additionally, Plaintiff was treated for depressive disorder twice in October of 2009. ([14] at 424). He also received treatment for adjustment disorder and anxiety in November and December of 2009 and in February of 2010. ([14] at 423-24). In April of 2010, Plaintiff was treated for migraines and PTSD. ([14] at 422). Plaintiff again received treatment for migraines in June of 2010 and received treatment for PTSD in October of 2010. ([14] at 419, 421). In January of 2011, Plaintiff was treated for migraines, adjustment disorder, and anxiety. ([14] at 417-18). Finally, Plaintiff received treatment for PTSD in March and December of 2012. ([14] at 405, 411). Accordingly, Plaintiff's records from the VA contained medical treatment from the relevant time period which would be pertinent to a disability determination.

While a VA disability rating does not bind the Commissioner, in this instance the ALJ was not free to simply ignore the rating and should have explained his reasons for discounting it. *Rich v. Astrue*, 2011 WL 6606651, at * 3 (N.D. Tex. Dec. 22, 2011) (holding that the failure to explain the reasons for not giving great weight to a VA disability rating "is legal error requiring reversal"). Moreover, while the record contains Plaintiff's VA disability rating, it does not contain the VA's basis for its determination. The record is silent with respect to the facts relied upon by the VA in making the disability determination. The absence of such information in the

7

record supports a finding that remand is necessary. *See Albo v. Colvin*, 2013 WL 5526584, at *7-

9 (N.D. Tex. Sept. 30, 2013) (finding that until the reasons for the VA's disability determination

are before the Commissioner, "a meaningful analysis required by the case law and by the

Secretary's regulations cannot be done"). Accordingly, remand is appropriate to allow a proper

evaluation of Plaintiff's disability rating and the VA's basis for its determination. *See Id.*; *Loza*,

219 F.3d at 394-95; *Wright v. Astrue*, 2010 WL 3256428, at *3 (W.D. La. July 20, 2010).[5]

As remand is appropriate to allow the ALJ to consider the VA disability rating, this Court

need not address Plaintiff's remaining arguments supporting his claim that the ALJ erred in his

consideration of the medical opinions of record.[6] The ALJ's consideration of the VA disability

rating may affect the resolution of these remaining arguments.

### Issue II: Whether Substantial Evidence and Proper Legal Standards Support the ALJ's Residual Functional Capacity Finding

Plaintiff argues that the ALJ failed to consider substantial evidence and apply proper

legal standards to support his residual functional capacity finding ("RFC") and failed to reconcile

the conflicts between the vocational expert's testimony and the Dictionary of Occupational Titles

("DOT"). The ALJ terminated his analysis at step two of the five-step sequential analysis set

forth in 20 C.F.R. § 404.1520(b)-(f). Accordingly, the ALJ did not assess Plaintiff's RFC or rely

---

[5] Courts have found that the principle of harmless error is inapplicable when an ALJ errs in not considering a VA disability rating. *See Arebalo v. Astrue*, 2010 WL 6571087, at *4 N.D. Tex. Oct. 7, 2010) ("the failure of the ALJ to consider the VA's disability determination is the type of legal error that is not subject to the harmless error analysis as the Court cannot try issues de novo, reweigh the evidence, nor substitute its finding for those of the Commissioner."); *McCaa*, 2010 WL 1533287, at *6.

[6] Plaintiff's remaining arguments are that the ALJ failed to properly consider Plaintiff's impairment of PTSD and the medical evidence demonstrating the severity of the impairment, failed to consult a medical advisor to determine Plaintiff's disability onset date, and relied on Plaintiff's symptom-free intervals to support his finding that Plaintiff's impairments were not severe.

on vocational expert testimony. *See Perez v. Barnhart*, 415 F.3d 457, 462 (5th Cir. 2005) ("The claimant's RFC is used at both steps four and five of the sequential analysis: at the fourth step to determine if the claimant can still do his past relevant work, and at the fifth step to determine whether the claimant can adjust to any other type of work."); *see also* SSR 00-4p (stating that vocational experts may be use at steps four and five of the sequential analysis to resolve complex vocational issues); 20 C.F.R. §§ 404.1560, 404.1566. Because the ALJ did not assess Plaintiff's RFC or rely on vocational expert testimony in his determination, Plaintiff's second issue is without merit.

### Issue III: Whether the ALJ Properly Assessed the Credibility of Plaintiff's Subjective Complaints

Plaintiff argues that the ALJ's decision to discredit the Plaintiff's testimony is unsupported by the record. An ALJ should consider whether there is a medically determinable impairment that could reasonably be expected to produce the pain or other symptoms described by the claimant. 20 C.F.R. §§ 404.1529, 416.929; SSR 96-7p. Once an impairment is found, the ALJ evaluates the intensity, persistence, and limiting effects of the symptoms on the claimant's ability to do basic work activities. *Id.* An ALJ should consider a claimant's subjective complaint, but a claimant's own statements regarding his pain and symptoms are not determinative of disability status. 20 C.F.R. § 404.1529. "The evaluation of a claimant's subjective symptoms is a task particularly within the province of the ALJ, who has had an opportunity to observe whether the person seems to be disabled." *Loya v. Heckler*, 707 F.2d 211, 215 (5th Cir. 1983).

The ALJ was required to make affirmative findings regarding the Plaintiff's subjective complaints. *Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994). The ALJ stated: "After considering the evidence of record, I find that the claimant's medically determinable

impairments could have been reasonably expected to produce the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." ([14] at 53).

Plaintiff argues that the ALJ's opinion is contradicted by the opinion of a state agency medical consultant, Dr. Christian Van Asselburg, who answered "yes" to the following question: "Are the individual's statements about the intensity, persistence, and functionally limiting effects of the symptoms substantiated by the objective medical evidence alone?" ([14] at 36). The ALJ, however, pointed out that Dr. Van Asselburg found that Plaintiff did not have a severe impairment, had no restrictions in his activities of daily living, and had only mild difficulties in his social functioning, concentration, persistence, and pace. ([14] at 34-37; 54).

The ALJ noted that during a consultative physical examination, Dr. Theodore Okechuku determined that Plaintiff's complaints of migraines, neck pain, and post traumatic stress syndrome constituted mild-to-moderate impairments. ([14] at 53; 189-92). The ALJ noted that during a consultative psychological examination performed by Dr. Joseph Dunn, Plaintiff reported activities of daily living including dressing and grooming himself, driving, watching television, shopping, and attending church. ([14] at 54; 193-95). The ALJ also noted that Dr. Dunn did not quantify any special functional limitations. ([14] at 54). The ALJ found Plaintiff's testimony to be credible to the extent he claimed his condition had worsened over time. The ALJ, however, found that the worsening of Plaintiff's condition occurred after the date last insured. ([14] at 54).

The ALJ's findings regarding Plaintiff's symptoms is supported by substantial evidence. "Moreover, a factfinder's evaluation of the credibility of subjective complaints is entitled to judicial deference if support by substantial record evidence." *Villa v. Sullivan*, 895 F.2d 1019,

10

1024 (5th Cir. 1990). The ALJ found that the medical evidence was more persuasive than

Plaintiff's subjective complaints—precisely the kind of determination an ALJ is best positioned

to make. Accordingly, the ALJ did not err in considering Plaintiff's subjective complaints.[7]

## RECOMMENDATIONS

Based on the foregoing, the undersigned recommends that:

1.  Defendant's Motion to Affirm the Commissioner's Decision [21] be GRANTED in
    part and DENIED in part.

2.  This action be remanded to the Commissioner for further administrative proceedings
    consistent with the order of this Court.

3.  All other relief requested by Plaintiff be denied.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being

served a copy of this recommendation, may serve and file written objections to the

recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing

party. The District Judge at that time may accept, reject or modify in whole or in part, the

recommendation of the Magistrate Judge, or may receive further evidence or recommit the

matter to this Court with instructions. Failure to timely file written objections to proposed

findings, conclusions, and recommendations contained in this report will bar an aggrieved party,

---

[7] Although the undersigned recommends that this action be remanded to allow for a proper
evaluation of the VA disability rating, further administrative proceedings will not vitiate the
evidence currently of record, and the record contains substantial evidence to support the ALJ's
findings regarding the Plaintiff subjective complaints. "A finding of no substantial evidence is
appropriate only if no credible evidentiary choices or medical findings support the decision."
*Boyd*, 239 F.3d at 704 (internal citations and quotations omitted). A court may not re-weigh the
evidence, try the issues *de novo*, or substitute its judgment for the Commissioner's, "even if the
evidence preponderates against" the Commissioner's decision. *Harrell*, 862 F.2d at 475. If the
decision is supported by substantial evidence, it is conclusive and must be affirmed. *Selders,* 914
F.2d at 617.

except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This 9th day of May, 2018.

s/ Michael T. Parker
United States Magistrate Judge